Case 4:25-cv-02079   Document 26   Filed on 08/06/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUCOB RYLANDER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-2079 |
| | § | |
| JUDGE SUSAN BROWN, *in her Official Capacity as Presiding Judge of the Eleventh Administrative Judicial Region* | § § § § | |
| *Defendant.* | § | |

# ORDER

Pending before the Court are several motions: (1) Defendant Susan Brown's ("Brown") Motion to Dismiss, (Doc. No. 8); (2) Plaintiff's Motion to Defer Ruling on the Motion to Dismiss, (Doc. No. 14); (3) Plaintiff's Motion to Strike Brown's Reply in support of her Motion to Dismiss, (Doc. No. 15); (4) Brown's Motion to Stay Discovery, (Doc. No. 16); and (5) Plaintiff's Motion to Compel and for Sanctions, (Doc. No. 20). After considering the law and arguments of the parties, the Court **GRANTS** Defendant Susan Brown's Motion to Dismiss. (Doc. No. 8). Plaintiff's suit is therefore **DISMISSED** for lack of jurisdiction.

## I.   Background

Plaintiff, appearing *pro se*, filed his Complaint against Defendant Susan Brown under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights. Plaintiff alleges that Brown, Judge of the 185th Criminal District Court of Harris County and the Presiding Judge of the Eleventh Administrative Judicial Region of Texas, deprived him of due process and equal protection rights by failing to recuse, "fabricat[ing a] referral process," denying him a required hearing, and "collud[ing] with opposing counsel" to "extort attorneys' fees" through fraudulent means. (Doc. No. 1 at 5). Specifically, Plaintiff alleges that Judge Brown entered two orders stating

that a referral from a recused judge had occurred, which Plaintiff alleges did not occur, and that Judge Brown had no jurisdiction to enter these orders. (*Id.* at 6). Plaintiff also specifically alleged in his Complaint that Judge Brown "acted under color of state law and in her official judicial capacity." (*Id.*). In response, Brown moved to dismiss on the grounds that Plaintiff had no standing to sue, Plaintiff has not adequately alleged any of his claims, and any such claims are barred by the Eleventh Amendment and judicial immunity. (Doc. No. 8 at 3–4).

## II.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

The Court will start with the question of sovereign immunity because it goes to this Court's jurisdiction over the case. *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (noting that the district court's determination of sovereign immunity was jurisdictional). Here, the Court finds that sovereign immunity applies, and it is therefore without jurisdiction to consider Plaintiff's claims.

"In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Here, Plaintiff's suit is against Brown in her official capacity as the Presiding Judge of the Eleventh Administrative Judicial Region.[1] An administrative judicial region is a state entity created by statute. *See* Tex. Gov't Code § 74.042(l). As Brown is being sued in her official capacity as the Presiding Judge of the Administrative Judicial Region, Plaintiff's suit is properly construed as against the State of Texas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office," which is "no different from a suit against the state itself"). As such, sovereign immunity would apply to Plaintiff's suit against Judge Brown in her official capacity. *See Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020) (holding that the immunity granted by the Eleventh Amendment "also prohibits suits against state officials or agencies that are effectively suits against a state"). Thus, because

---

[1] Both Plaintiff and Defendant refer to Judge Brown as the Presiding Judge of the Second Administrative Judicial Region, but the statute cited includes Harris County in the Eleventh Administrative Judicial Region. Further, Judge Susan Brown's later filings refer to her as Presiding Judge of the Eleventh Administrative Judicial Region. (Doc. No. 16 at 1).

Plaintiff's claims against Brown are official capacity claims, the suit will be barred by the Eleventh Amendment unless Texas has consented to the suit, or an exception applies.

First, Texas has not consented to suit. The only avenue for a suit against a governmental entity here is the Texas Tort Claims Act, which contains a limited waiver of immunity. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). This immunity waiver, however, only applies in Texas state courts and explicitly rejects any waiver of immunity for suits against judges. TEX. CIV. PRAC. & REM. CODE ANN. § 101.053 ("(a) This chapter does not apply to a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit. 'Official capacity' means all duties of office and includes administrative decisions or actions."). As such, Texas has expressly rejected any waiver of sovereign immunity for claims against judicial officers.

Second, there is no exception to sovereign immunity applicable in this case. There are two primary exceptions to state sovereign immunity. First, Congress may expressly abrogate state sovereign immunity. *See, e.g.*, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001). Second, the *Ex parte Young* exception "permits suits for prospective . . . relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Here, neither party addresses the question of congressional abrogation so the question is whether Plaintiff's request of declaratory and injunctive relief is sufficient for the *Ex parte Young* exception to apply.

For *Young* to apply, three criteria must be satisfied: (1) A "plaintiff must name individual state officials as defendants in their official capacities," *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013); (2) the plaintiff must "allege[ ] an ongoing violation of federal law," *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); and (3) the relief sought must be "properly characterized as prospective." *Green Valley*, 969 F.3d at 471. While Plaintiff does

4

request injunctive and declaratory relief, his requests do not seek to remedy a *continuing* violation of federal law. Plaintiff's Complaint requests that the Court:

> "(1) Declare that all judicial orders issued by Defendant Susan Brown related to Plaintiff's recusal motion are void ab initio; (2) Enjoin Defendant from issuing further orders in Plaintiff's pending state case or any related matter; (3) Award $5 million compensatory damages for emotional distress, reputational harm, and attorney's fees incurred in attempting to enforce recusal rights. . .; (4) Impose punitive damages under 42 U.S.C. § 1983 to deter future misconduct by state judicial officers; (5) Award reasonable attorney's fees and costs under 42 U.S.C. § 1988 . . .; (6) Refer the matter to the Texas State Commission on Judicial Conduct for disciplinary proceedings; (7) Grant any additional relief this Court deems just and proper."

(Doc. No. 1 at 20–21). The only prospective relief requested is an injunction preventing Brown from issuing any orders in his case or "any related matter." (*Id.* at 20). Though prospective, the form of the relief alone is insufficient to trigger *Young*—there must be a "continuing violation of federal law." *Green Valley*, 969 F.3d at 472. The requested injunction preventing Brown from "issuing any orders" would not address any continuing violations of federal law. Rather, it asks this Court to prevent Judge Brown from acting at all—even in legal and permissible ways—to prevent a potential future violation of federal law. A prophylactic injunction to deter a potential future unlawful act is not the sort of remedy available through *Young*. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law[,] . . . [b]ut compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."). Since Plaintiff has shown no prospective relief required to end a *continuing* violation of federal law, the *Young* exception to sovereign immunity does not apply.

Finding that Plaintiff's suit is against a state actor in her official capacity, that Texas has not consented to this suit, and that no exception to sovereign immunity applies, this Court is without jurisdiction over Plaintiff's claims. *City of Austin*, 943 F.3d at 997. As such, the Court **GRANTS** Defendant Susan Brown's Motion to Dismiss.

5

## IV. Conclusion

Plaintiff's claims are barred by sovereign immunity rendering this Court without jurisdiction over the case. The Court therefore **GRANTS** Defendant Susan Brown's Motion to Dismiss, (Doc. No. 8), and **DISMISSES** Plaintiff's case for lack of jurisdiction.

SIGNED this 6th day of August, 2025.

Andrew S. Hanen
United States District Judge